Menelao Dávila Vives, Petitioner, *v.* Superior Court of Puerto Rico, Guayama Part, Eugenio Velázquez Martín, Judge, Respondent.

No. C-66-35.     Decided November 4, 1966.

*Adolfo Santiago Rivera* for petitioner. *J. F. Rodríguez Rivera, Deputy Solicitor General,* and *Adaljisa Díaz de Collazo, Assistant Solicitor General,* for respondent.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

According to the facts in the record petitioner Menelao Dávila Vives was *arrested* on June 19, 1965 to answer for a violation of § 5-801 of the Vehicle and Traffic Law, 9 L.P.R.A. § 1041. The police officer who made the arrest took him to police headquarters in Salinas where his urine sample was taken and sent to the Health Department for the corresponding analysis. Six days later, June 25,[1] the police officer filed a complaint on his personal knowledge before the Justice of the Peace of Salinas, who did not take any further action whatsoever, but suspended the hearing "until the chemical analysis comes." On September 20, after examination of the complaining police officer[2] the same magistrate found probable cause to order the arrest and sent the record to the Superior Court, Guayama Part, for further action. The prosecuting attorney, relying on this determination of probable cause, presented his information on September 28.

Petitioner moved for the dismissal of the information because more than 60 days had elapsed from the date of the arrest and the presentation of the information. His motion was denied.

■ It is evident that between the date of the arrest, June 19, and the filing of the information, September 28, more than 60 days had elapsed. To be more exact, one hun-

---

[1] Rule 22(a) of the Rules of Criminal Procedure provides that where an arrest is made without a warrant the person arrested shall be taken without unnecessary delay before the nearest available magistrate.

[2] At the hearing in the Superior Court the prosecuting attorney stated that the magistrate acted after receiving the result of the analysis, but such fact does not appear from the minutes prepared by the judge.

dred days. There only remains to determine whether there is just cause to void the dismissal referred to in Rule 64 (n) (2) of the Rules of Criminal Procedure. In general, see *People v. Superior Court*, 84 P.R.R. 135 (1961); *Martínez v. Superior Court*, 81 P.R.R. 913 (1960); *People v. Superior Court*, 81 P.R.R. 445 (1959).

■ It is likewise evident that, pursuant to the final provision of Rule 22 (a) of the Rules of Criminal Procedure, where, as in the present case, a person is arrested without a warrant and the defendant is brought before a magistrate, a complaint shall forthwith be filed and a warrant or summons shall be issued thereon. Subdivision (c) of said rule requires that the magistrate shall remit the complaint and the warrant of arrest or summons to the corresponding section and part of the Court of First Instance where further proceedings will be had. This being a misdemeanor where the Superior Court has original jurisdiction[3] Rule 24 (b) is applicable insofar as it provides that when the record is sent to the clerk of any part of the Superior Court of First Instance, the secretary shall forthwith remit it to the prose-

---

[3] The original version of § 5-804 of the Vehicle and Traffic Law, No. 141 of July 20, 1960 (Sess. Laws, p. 408), provided that once it is determined there is probable cause, where the arrested person refuses to submit to any of the analyses referred to in the law, the magistrate "shall order that the corresponding complaint or indictment be filed before the Court of First Instance . . . and shall issue against him the proper warrant of commitment." But this provision on the order to file complaint or information was eliminated by Act No. 94 of June 21, 1961 (Sess. Laws, p. 182). The report of the House Judiciary Committee on House Bill No. 270, explains the following at page 1251 of vol. 14 of the Journal of Proceedings: "The provision in the sense that the magistrate shall order that the corresponding information be filed is eliminated since our present state of law on this particular is in the sense that the determination of probable cause is for the sole purpose of ordering the arrest of an accused person, while the determination of whether or not an information should be filed is an executive determination." As it is well known, the situation has varied as to the determination for the filing of an information or complaint after the Rules of Criminal Procedure went into effect. As to felonies, see Rules 23 and 24; and as to misdemeanors, Rules 5, 6(a), 7(a) and 22.

cuting attorney of said part, who shall file the proper information.

The delay in the present case was the result of the action of the magistrate who postponed every action until he received the result of the chemical analysis, instead of, after examining the complaint presented and verified before him and the complainant, executing the other provisions of the Rules already cited.

The Solicitor General argues that the lack of determination of probable cause precluded the filing of the information, and he invokes Rule 34 (a) of the Rules of Criminal Procedure. Said rule refers to the previous determination of probable cause "determined pursuant to the provision in Rule 23", but it is well known that the preliminary hearing alluded to in said rule is only necessary in cases where a person is charged with the commission of a felony.

■■ The complaint having been filed before the magistrate on June 25 we do not see how it can be sustained that there existed just cause for the delay in the commencement of the proceeding against petitioner because of the fact that that magistrate failed to act in the manner required by the Rules and waited for the result of a chemical analysis. The right to a speedy trial cannot be left to the discretion of the officers in charge of the analysis of the samples, which result, by the way, is not essential for the commencement of the proceeding by filing the information.

The decision of October 22, 1965 of the Superior Court, Guayama Part, will be set aside, and the case will be remanded with instructions to grant the dismissal of the complaint.